THE ROME, WATERTOWN AND OGDENSBURG TERM-
INAL RAILROAD COMPANY, Appellant, *v.* THE CITY
OF ROCHESTER and Others, Respondents.

*Motion for an injunction — the complaint and answer are treated as affidavits —
assertions upon information and belief prove nothing.*

Upon this appeal, from an order denying a motion for an injunction *pendente lite*,
it appeared that the application was heard upon the pleadings that all of the alle-
gations in the complaint were positive and direct, and were made and verified as
within the personal knowledge of the affiant, and if true clearly presented a case
entitling the plaintiff to the relief sought, while the allegations of the answer, as
to all material matters, were made upon information and belief only.

*Held*, that as the complaint and answer were to be treated as, and have only the
effect of, affidavits, the statements and allegations contained in the complaint
were not controverted by the defendant and that the court erred in denying the
motion.

*Mowry* v. *Sanborn* (65 N. Y. 584), followed

Appeal by plaintiff from an order of the Monroe Special Term
denying a motion for an injunction *pendente lite*.

*Morgan & French*, for the appellant.

*Ivan Powers*, for the respondent.

Childs, J.:

The application, resulting in the order appealed from, was heard
and determined upon the pleadings. All of the material allegations
in the complaint are positive and direct, and are made and verified
as within the personal knowledge of the affiant, and if accepted as
true, clearly present a case entitling the plaintiff to the relief sought
on the motion. The allegations of the answer, as to all material
matters, are made upon information and belief only. The complaint
and answer were properly treated as affidavits upon the hearing of
the motion (Code, § 630), and had the effect of affidavits only.
(*McEncroe* v. *Decker*, 58 How., 250.)

It is, therefore, quite plain that the statements and allegations
contained in the complaint, treating the same as an affidavit, were
not controverted by the defendant. The answer read by the defend-
ant, in opposition to the motion, was at most an affidavit by one of

the defendants, to the effect that he was informed and believed that the allegations in the complaint (affidavit) of the plaintiff were untrue, and as to said defendant he was informed and believed that certain other facts existed, inconsistent with the statements of the plaintiff, the existence of which would negative such statement made by the plaintiff. Such an affidavit proves nothing and does not call upon or aid the court in determining any fact necessary to be determined in order to administer relief in any given case.

It is said in *Mowry* v. *Sanborn* (65 N. Y., 584) " it may, as a general rule, be safely affirmed that, in the sense of the law, a general assertion of a fact in an affidavit upon information and belief proves nothing. A witness would not be allowed on the trial of a cause, in any court, to give evidence of a fact which he only knew from information derived from another, or which he simply believed to be true." The answer is sufficient to present issues for trial in the action, but we think wholly insufficient as an affidavit to put in issue on this motion any of the material statements or allegations in the plaintiff's (complaint) affidavit. For this reason we think the plaintiff's motion should have been granted. This view renders it unnecessary to examine the other questions presented and elaborately argued on this appeal. It is, however, proper to observe that the threatened invasion of the claimed rights of plaintiff is admitted by the defendant; by whom the right to destroy the property of the plaintiff is asserted, and it would appear that the magnitude of the interests involved in this contention would call upon the court, by order, to protect the property of the plaintiff until the rights of the parties are settled by the judgment of the court, after the parties have had the opportunity of presenting all pertinent matters for consideration.

The order appealed from should be reversed, and the motion granted.

SMITH, P. J., and BRADLEY, J., concurred.

Order reversed, with ten dollars costs and disbursements of the appeal, and motion granted.